UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA THOMAS NITKIN, | Case No. 2:23-cv-01837-JDP (PC) |
| Plaintiff, | ORDER |
| v. | |
| D. RADU, *et al.*, | |
| Defendants. | |

Plaintiff, a state prisoner proceeding *pro se*, seeks to raise a § 1983 claim against defendants Radu and Rutherford for violation of his First and Eighth Amendment rights. For the reasons stated herein, the complaint states First and Eighth Amendment claims against defendant Radu but fails to state a viable claim against Rutherford. Plaintiff may either proceed only against Radu, or he may delay service and file an amended complaint. I will grant plaintiff's application to proceed *in forma pauperis*. ECF No. 2.

1

**Screening Order**

**I.     Screening and Pleading Requirements**

A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**II.    Analysis**

Plaintiff alleges that, on May 27, 2023, he fought another inmate, and officers approached to intervene. ECF No. 1 at 3. Once he had complied with officers' orders to get on the floor and was no longer a threat, defendant Radu allegedly struck him repeatedly in the head with an "MEB

stick." *Id.* He claims that, when he asked Radu why he was attacking him, the officer indicated that it was reprisal for a grievance plaintiff had filed against him. *Id.* at 4. Plaintiff alleges that Radu failed to summon medical staff after plaintiff was left bleeding and dizzy. *Id.* at 5. These allegations are sufficient to state First and Eighth Amendment claims against Radu.

As to defendant Rutherford, however, plaintiff alleges only that, some time after the attack, he informed this officer that he was suffering pain, dizziness, and nausea. *Id.* at 5. He alleges that he was then taken to the hospital and diagnosed with a concussion. *Id.* Nothing in these allegations indicates that Rutherford violated plaintiff's constitutional rights.

As stated above, plaintiff may either proceed with all of his claims against Radu, or he may delay serving any defendant and file an amended complaint. He is advised that an amended complaint will supersede the current complaint. *See Lacey v. Maricopa County*, 693 F. 3d 896, 907 n.1 (9th Cir. 2012) (en banc). The amended complaint should be titled "First Amended Complaint" and refer to the appropriate case number.

Accordingly, it is ORDERED that:

1. Plaintiff's application to proceed *in forma pauperis*, ECF No. 2, is GRANTED.

2. Within thirty days from the service of this order, plaintiff may either indicate his intent to proceed only with his claims against defendant Radu, or he may file an amended complaint.

3. The Clerk of Court shall send plaintiff a section 1983 complaint form with this order.

IT IS SO ORDERED.

Dated:     November 1, 2023                    _____
                                                JEREMY D. PETERSON
                                                UNITED STATES MAGISTRATE JUDGE

3