| | |
|---|---|
| JOSHUA THOMAS NITKIN,<br><br>        Plaintiff,<br><br>    v.<br><br>D. RADU,<br><br>        Defendant. | Case No. 2:23-cv-01837-JDP (PC)<br><br>ORDER THAT:<br><br>(1) THE CLERK OF COURT ASSIGN A DISTRICT JUDGE TO THIS ACTION;<br><br>(2) PLAINTIFF MAY FILE AN AMENDED COMPLAINT IF HE WISHES TO<br><br>FINDINGS AND RECOMMENDATIONS THAT PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION BE DENIED<br><br>ECF No. 14 |

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

    On November 27, 2023, I found service appropriate for defendant Radu based on plaintiff's Eighth Amendment claim against him. ECF No. 11. After summons were issued, ECF No. 12, plaintiff filed a "complaint and request for injunction," ECF No. 14, wherein he restated his claims against Radu, *id.* at 5, and requested an injunction requiring defendant to stay at least one thousand feet away from him at all times, *id.* The request for injunctive relief should be denied. I cannot tell whether this filing is meant as an amended complaint. Rather than direct the clerk to consider it as such, I will invite plaintiff to file an amended complaint. An amended compalint is not required. If plaintiff intended only for the filing to request injunctive relief, there is no need to file an amended complaint.

1

      Plaintiff's request for injunctive relief should be denied because he has not discussed or otherwise shown that the factors identified by the Supreme Court in *Winter v. NRDC, Inc.*, 555 U.S. 7, 20 (2008), weigh in his favor. To obtain preliminary injunctive relief, a movant must show that "he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Id.* Plaintiff has offered no persuasive argument that he will suffer irreparable harm if his injunction is granted. He contends only that he is continually threatened with harassment by the defendant and other officers, who are using "Green Wall Tactics" against him. *Id.* He offers no details as to what this harassment entails, when it is occurring, or how his proposed injunction directed at Radu would prevent it if, in fact, multiple officers at the institution are retaliating against him. As such, I cannot conclude that he is facing irreparable harm. Nor has plaintiff yet shown that he is likely to succeed on the merits. At best, in moving past screening, plaintiff has demonstrated that his claims are cognizable, but he has failed to argue or otherwise show that they are likely to succeed.

      Accordingly, it is ORDERED that:

1. The Clerk of Court is directed to assign a district judge to this action.
2. The Clerk of Court shall send plaintiff a section 1983 complaint form with this order.

      Further, it is RECOMMENDED that the request for injunction, ECF No. 14, be DENIED without prejudice.

      These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:    December 11, 2023                                    /s/ Jeremy Peterson
                                                            JEREMY D. PETERSON
                                                            UNITED STATES MAGISTRATE JUDGE

3