UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA THOMAS NITKIN, | Case No. 2:23-cv-1837-JDP (P) |
| Plaintiff, | |
| v. | ORDER |
| D. RADU, | |
| Defendant. | |

On January 8, 2025, defendant filed a motion to compel. ECF No. 34. Plaintiff failed either to timely file an opposition or otherwise to respond. Therefore, on March 5, 2025, the court ordered plaintiff to show cause why this action should not be dismissed based on his failure to prosecute and to comply with court orders. ECF No. 35. The court notified plaintiff that if he wished to continue with this lawsuit, he must file a response to defendant's motion. The court also warned plaintiff that failure to comply with the March 5, 2025 order would result in dismissal of this action. *Id*. The deadline for plaintiff to file a response to defendant's motion and response to the order to show cause has passed without word from plaintiff.

The court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal. *Bautista v. Los Angeles Cnty.*, 216 F.3d 837, 841 (9th Cir. 2000); *see* Local Rule 110 ("Failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the

1

1  Court of any and all sanctions . . . within the inherent power of the Court.").

2      A court may dismiss an action based on a party's failure to prosecute an action, failure to
3  obey a court order, or failure to comply with local rules. *See Ghazali v. Moran*, 46 F.3d 52, 53-54
4  (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258,
5  1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order to file an amended
6  complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to
7  comply with local rule requiring pro se plaintiffs to keep court apprised of address); *Malone v.*
8  *U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court
9  order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of
10 prosecution and failure to comply with local rules).

11     In dismissing this action for failure to comply with court orders, the court has considered
12 "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its
13 docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of
14 cases on their merits; and (5) the availability of less drastic alternatives." *Ferdik*, 963 F.2d at
15 1260-61 (citation omitted).

16     Here, plaintiff has failed respond to a court order and to defendant's motion. *See* ECF
17 Nos. 34 & 35. Therefore, the public interest in expeditious resolution of litigation, the court's
18 need to manage its docket, and the risk of prejudice to defendants all support imposition of the
19 sanction of dismissal. Lastly, the court's warning to plaintiff that failure to obey court orders will
20 result in dismissal satisfies the "considerations of the alternatives" requirement. *Ferdik*, 963 F.2d
21 at 1262; *Malone*, 833 at 132-33; *Henderson*, 779 F.2d at 1424. The March 5, 2025 order
22 expressly warned plaintiff that his failure to comply with court orders would result in dismissal.
23 ECF No. 35. Plaintiff had adequate warning that dismissal could result from his noncompliance.
24 Accordingly, the court finds that the balance of factors favors dismissal.

25     Accordingly, it is hereby ORDERED that:

26     1. This action is DISMISSED without prejudice for failure to prosecute and failure to
27 comply with court orders for the reasons set forth in the March 5, 2025 order. *See* ECF No. 35.

28     2. Defendant's motion to modify the scheduling order, ECF No. 36, is DENIED as moot.

3. The Clerk of Court is directed to close the case.

IT IS SO ORDERED.

Dated:   April 14, 2025              _____
                                                   JEREMY D. PETERSON
                                                   UNITED STATES MAGISTRATE JUDGE